Jason M. Richardson (SBN 250916)
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Telephone:     415.544.1900
Facsimile:     415.391.0281

Trent Webb (to be admitted *pro hac vice*)
Ryan J. Schletzbaum (to be admitted *pro hac vice*)
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108

Mark D. Schafer (to be admitted *pro hac vice*)
Shook, Hardy & Bacon L.L.P.
1660 17th St., Suite 450
Denver, CO 80202

Attorneys for Apple Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>CHIAN CHIU LI,<br><br>       Defendant. | Case No. _[_____]____<br><br>**APPLE'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,016,564**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Apple Inc. ("Apple") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant Chian Chiu Li ("Mr. Li" or "Defendant") and in support of its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Apple has pioneered the design and manufacture of industry-defining consumer electronics for more than four decades. Apple's commitment to innovation has led to some of the most popular products on the market during that span, including, for example, the Macintosh PC, iPod, MacBook, iPhone, iPad, Apple Watch, and AirPods. As a result of Apple's dedication to innovation, the U.S. Patent and Trademark Office has awarded Apple thousands of patents protecting the technologies underlying its groundbreaking inventions.

3. On information and belief, Defendant is the sole owner of U.S. Patent No. 11,016,564 ("the '564 patent" or "Asserted Patent"). Defendant's prior actions and statements have created a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement as to whether Apple products infringe the Asserted Patent.

4. On April 5, 2022, Defendant filed a complaint for patent infringement against Apple in the Northern District of California. *See Chian Chiu Li v. Apple Inc.*, Case No. 4:22-cv-2159 (Dkt. 1) (hereinafter "Original Complaint") (attached hereto as Exhibit A).

5. In the Original Complaint, Defendant alleged that Apple products, such as several versions of iPhone and iPad Pro, infringe the '564 patent. (*See id.*, ¶¶ 16-28).

6. Specifically, Defendant alleged that Apple "directly infringes and continues to directly infringe at least claims 1, 4, 5, 8, 11, 12, 14, 18, and 20 of the '564 Patent . . . by, among other things, making, using, selling, offering to sell, and/or importing . . . infringing products include[ing] at least the following devices: (i) iPhone 13 Pro Max, iPhone 13 Pro, iPhone 13 mini, iPhone 13, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12 mini, iPhone 12, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone XS Max, iPhone XS, iPhone XR, and iPhone X, and (ii) iPad Pro 12.9-inch (4th generation), iPad Pro 12.9-inch (3rd generation), iPad Pro 11-inch (2nd generation),

1 | and iPad Pro 11-inch (collectively, the 'Accused Devices'). " (*Id.* ¶ 17).

2 | 7.   Defendant further alleged the "Unlock with Face ID" feature on the Accused Devices infringed each limitation of claim 1 of the Asserted Patent, as well as every limitation of claims 8 and 14. (*Id.* ¶¶ 19-24)

8.   Defendant further alleged in the Original Complaint that Apple was "made aware of the '564 Patent on June 9, 2021 when [Mr. Li] sen[t] Mr. Asa Wynn-Grant, Legal Counsel, IP Transactions at Apple and email and a claim chart showing Apple's infringement of claims 1, 8, and 14 of the '564 Patent," and therefore "Apple was given notice of its infringement of the '564 Patent at least as early as June 9, 2021." (*Id.*, ¶ 26).

9.   Indeed, as mentioned above, the parties' history extends back beyond Defendant's actual lawsuit. Defendant and Apple's respective representatives exchanged correspondence over the course of several months prior to Defendant filing the Original Complaint. Apple maintained throughout the course of the parties' communications that it did not infringe the '564 patent and explained why a license was unnecessary.

10.   Both before filing the Original Complaint and in the Original Complaint, Defendant has maintained that Apple is not licensed and allegedly infringes the '564 patent.

11.   Without prior notice to Apple, on May 17, 2022, Defendant voluntarily dismissed the Original Complaint without prejudice to refiling. Defendant provided no explanation or justification for his decision to voluntarily dismiss the Original Complaint without prejudice to refile here or in another district, and provided Apple no assurances that Apple was safe from a future suit involving the Asserted Patent and substantially identical infringement allegations.

12.   Apple has a reasonable apprehension that Defendant will refile suit and assert that the Accused Devices infringe the '564 patent. Both the pre-suit communications between Apple and Defendant and Defendant's dismissal of the Original Complaint without prior notice and without prejudice, demonstrates that it is highly likely that Defendant will again assert infringement of the '564 patent against Apple. In the meantime, the cloud of Defendant's allegations and litigation hangs over Apple.

13. Apple thus brings this action to obtain a declaratory judgment that Apple's products do not infringe the '564 patent, directly or indirectly, literally, or under the doctrine of equivalents.

14. This Court should not allow the threat of a future lawsuit and uncertainty surrounding Defendant's allegations to harm and cause unpredictability to Apple's business.

## THE PARTIES

15. Plaintiff Apple is a California corporation having its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple has over 20,000 employees who work in or near its headquarters in Cupertino, California.

16. On information and belief, Defendant Mr. Li is an individual residing in this District at 5773 Tan Oak Drive, Fremont, California 94555. (*See* Ex. A, ¶ 2).

17. On information and belief, including Defendant's allegations in the Original Complaint, Defendant is the owner of all right, title, and interest in and to the '564 patent. (*Id.* ¶ 3).

## JURISDICTION AND VENUE

18. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

19. The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

20. Defendant is subject to personal jurisdiction in this Court at least because Defendant is a resident of this District and domiciled in this District.

21. Defendant has purposefully directed and continues to direct acts to this District, including acts specifically pertaining to the Asserted Patent. For instance, as discussed above, Defendant directed communications regarding alleged infringement of the Asserted Patent to Apple and its representatives both before and after filing the Original Complaint. Defendant also filed the Original Complaint in this District asserting infringement of the '564 patent. Defendant's ongoing and amplified threats of infringement, including formally filing a lawsuit involving the same patent at issue in this Complaint, all demonstrate Defendant's conscious and purposeful contacts with this

1  District. This District is also the most convenient District for the present declaratory judgment
2  claims because, among other things, relevant witnesses and evidence concerning Apple's products
3  and the Defendant are located in this District.

4        22.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because
5  a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this
6  District and Defendants are subject to the Court's personal jurisdiction with respect to this civil
7  action.

8        23.    For these reasons and the reasons set forth below, a substantial controversy exists
9  between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## INTRADISTRICT ASSIGNMENT

11        24.    This is an intellectual property action subject to district-wide assignment pursuant to
12  Local Rules 3-2(c) and 3-5(b).

## THE ASSERTED PATENT

14        25.    On May 25, 2021, the United States Patent and Trademark Office issued the '564
15  patent to Chian Chiu Li. The '564 patent is titled "System and method for providing information."
16  A true and correct copy of the '564 patent is attached hereto as Exhibit B. On information and belief,
17  Defendant is the sole owner of all right and title to the '564 patent.

18        26.    The application leading to the '564 patent was filed on February 3, 2020.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,016,564)**

21        27.    Apple repeats and realleges Paragraphs 1 through 26 of this Complaint.

22        28.    Apple has not infringed and does not infringe any claims of the '564 patent either
23  directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including
24  through its making, use, importation into the United States, sale, and/or offer for sale of any Apple
25  products.

26        29.    Claim 1 of the '564 patent is directed to:
27  A method for presenting information at an electronic device, comprising:

1) detecting an act made by a user involving physical contact with the electronic device or physical movement of the electronic device when a display of the electronic device has an idle screen or a screen in standby mode, inactive mode, or screen-saver mode;

2) performing gaze detection only after detecting the act;

3) ascertaining whether the user looks at a direction toward the electronic device;

4) determining whether the user is recognized via a recognition mechanism; and

5) presenting a plurality of content items when the user is recognized via the recognition mechanism and it is ascertained that the user looks at a direction toward the electronic device. (Ex. B, '564 Patent, at Claim 1).

30.  The Accused Devices do not infringe claim 1 of the '564 patent because the products do not include every limitation required by claim 1. As one example, claim 1 requires "performing gaze detection only after detecting the act."  According to the Defendant, this limitation is purportedly satisfied when the user glances at the screen of the Accused Device.  (Ex. A ¶ 20.) The Accused Devices do not meet this limitation, either directly or under the doctrine of equivalents, at least because the Accused Devices do not perform "gaze detection" as that term is used in the '564 patent.

31.  As another example, claim 1 requires that the device "ascertain[] whether the user looks at a direction toward the electronic device." Defendant contends this limitation is satisfied in the Accused Devices when a user glances at the device.  (Ex. A ¶ 20.) The Accused Devices do not meet this limitation, either directly or under the doctrine of equivalents, at least because the Accused Devices do not "ascertain[] whether the user looks at a direction toward the electronic device" as that phrase is used in the '564 patent.

32.  As a further example, claim 1 requires "presenting a plurality of content items when the user is recognized via the recognition mechanism and it is ascertained that the user looks at a direction toward the electronic device." (Ex. A ¶ 20) Defendant contends this limitation is satisfied by "the content of text messages and emails [being] presented on the screen" after the iPhone is wakened and unlocked. The Accused Devices do not meet this limitation, either directly or under the doctrine of equivalents, at least because the identified content items are presented to a user regardless of whether the Accused Devices are unlocked by the user or whether the user is

recognized.

33. Accordingly, at least for the above reason, the Accused Devices do not infringe independent claim 1 of the '564 patent either literally or under the doctrine of equivalents. Furthermore, independent claims 8 and 14 recite similar limitations to claim 1, and therefore the Accused Devices do not infringe those two independent claims either literally or under the doctrine of equivalents for similar reasons.

34. Apple also does not induce infringement of the '564 patent, or otherwise indirectly infringe the '564 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '564 patent, because Apple has not acted with specific intent necessary for induced infringement.

35. Apple also does not contributorily infringe the '564 patent for at least the reasons stated above with respect to no underlying direct infringement of the '564 patent, because Apple has not acted with specific intent necessary for contributory infringement.

36. As set forth above, there exists an actual controversy between Apple and Defendant with respect to alleged infringement of the '564 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '564 patent are infringed. Accordingly, Apple desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '564 patent.

37. Apple is entitled to a judicial determination that Apple has not directly infringed, induced others to infringe, or contributed to the infringement of any claims of the '564 patent.

38. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the claims of the '564 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests that judgment be entered:

A. Declaring that judgment be entered in favor of Apple and against Defendant;

B. Declaring that Apple has not and does not infringe, either directly, contributorily, by inducement, or willfully, any claim of the '564 patent by making, using, selling, offering to sell, and/or importing the Accused Devices;

C. Finding this to be an exceptional case under 35 U.S.C. § 285, and awarding Apple its reasonable attorney's fees;

D. Awarding Apple its costs associated with this case;

E. Awarding Apple any other remedy or relief to which Apple may be entitled and which the Court deems just, proper, and equitable.

## JURY DEMAND

Apple demands a trial by jury on all claims and issues so triable.

May 18, 2022                                  Respectfully Submitted

SHOOK, HARDY & BACON L.L.P.

By: */s/ Jason M. Richardson*
    Jason M. Richardson
    Attorney for Apple Inc.

8

COMPLAINT FOR DECLARATORY JUDGMENT