Chian Chiu Li
5773 Tan Oak Drive
Fremont, CA 94555
(408) 417-0455
Pro Se Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br>       Plaintiff, <br> <br> v. <br> <br> <br> CHIAN CHIU LI, <br>       Defendant. | Case No. 4:22-cv-02956-HSG <br> <br> ANSWER AND COUNTERCLAIM <br> <br> JURY TRIAL DEMANDED |

Pro se defendant, Chian Chiu Li ("Mr. Li"), hereby responds to Apple's Complaint for Declaratory Judgment of Non-infringement of U.S. Patent No. 11,016,564 (Dkt. No. 1) filed by Apple Inc. ("Apple") as follows:

**NATURE OF THE ACTION**

1. Mr. Li admits that Apple has filed a Complaint that purports to be a request for declaratory judgment of non-infringement.   Mr. Li denies the remaining allegations in this paragraph.

2. Mr. Li is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. Mr. Li admits to be the sole owner of U.S. Patent No. 11,016,564 ("the '564 Patent").   Mr. Li denies the remaining allegations in this paragraph.

4. Mr. Li admits that he filed a complaint against Apple on April 5, 2022.   Mr. Li

denies the remaining allegations in this paragraph.

5. Mr. Li admits his complaint against Apple alleged that certain Apple products infringe the '564 patent. Mr. Li denies the remaining allegations in this paragraph.

6. Mr. Li admits his complaint against Apple alleged that Apple directly infringes and continues to directly infringe at least claims 1, 4, 5, 8, 11, 12, 14, 18, and 20 of the '564 Patent, in the United States, under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing products/devices that practice the claimed inventions in claims 1, 4, 5, 8, 11, 12, 14, 18, and 20 of the '564 Patent. Mr. Li also admits his complaint against Apple alleged that such infringing products include at least the following devices: (i) iPhone 13 Pro Max, iPhone 13 Pro, iPhone 13 mini, iPhone 13, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12 mini, iPhone 12, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone XS Max, iPhone XS, iPhone XR, and iPhone X, and (ii) iPad Pro 12.9-inch (4th generation), iPad Pro 12.9-inch (3rd generation), iPad Pro 11-inch (2nd generation), and iPad Pro 11-inch (collectively, the "Accused Devices"). Mr. Li denies the remaining allegations in this paragraph.

7. Mr. Li admits his complaint against Apple alleged that each of the Accused Devices implements, incorporates, or uses the "Unlock with Face ID" process that infringes each and every limitation of claim 1, as well as infringe each and every limitation of claims 8 and 14. Mr. Li denies the remaining allegations in this paragraph.

8. Mr. Li admits his complaint against Apple alleged that Apple was made aware of the '564 Patent on June 9, 2021 when an email and a claim chart were sent to Mr. Asa Wynn-Grant, Legal Counsel, IP Transactions at Apple, and thus Apple was given notice of its infringement of the '564 Patent at least as early as June 9, 2021. Mr. Li denies the remaining allegations in this paragraph.

9. Mr. Li admits exchanging correspondence with Mr. Asa Wynn-Grant in regard

to the '564 Patent over the course of several months prior to filing his complaint against Apple.   Mr. Li denies the remaining allegations in this paragraph.

10. Mr. Li admits informing Mr. Asa Wynn-Grant about Apple's infringement of the '564 Patent prior to filing his complaint against Apple.   Mr. Li denies the remaining allegations in this paragraph.

11. Mr. Li admits his complaint against Apple was voluntarily dismissed on May 17, 2022.   Mr. Li denies the remaining allegations in this paragraph.

12. Mr. Li is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

13. Mr. Li admits Apple has filed a complaint that purports to be a request for declaratory judgment of non-infringement, but Mr. Li denies that Apple is entitled to such relief.

14. Mr. Li denies that Apple is entitled to such relief with regard to Apple's complaint.

## THE PARTIES

15. Mr. Li admits Apple is a California corporation having its principal place of business at One Apple Park Way, Cupertino, California 95014.   Mr. Li is without knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

16. Admitted.

17. Admitted.

## JURISDICTION AND VENUE

18. Mr. Li admits that Apple has brought this action under and purported that Apple has claims under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the

patent laws of the United States, Title 35 of the United States Code, but denies that the claims are valid or sustainable.

19. Without waiving any claims or defenses or conceding any of Apple's factual and legal arguments relating to this action, Mr. Li admits the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201.

20. Admitted.

21. Mr. Li admits filing his complaint in this District alleging infringement of the '564 patent and being located in this District, but denies the remaining allegations in this paragraph.

22. Mr. Li admits that venue is proper in this District and that the Court has personal jurisdiction over Mr. Li, but denies the remaining allegations in this paragraph, including specifically denying that any events have given rise to a valid claim for Apple.

23. Denied.

## INTRADISTRICT ASSIGNMENT

24. This case has already been assigned to the Honorable Haywood S. Gilliam, Jr. and so this paragraph requires no response.

## THE ASSERTED PATENT

25. Admitted.

26. Admitted.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '564 Patent)**

27. Mr. Li repeats and realleges all preceding responses set forth in this Answer as if

4

set forth fully wherein.

28. Denied.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## ANSWER TO "PRAYER FOR RELIEF"

39. Mr. Li denies that Apple should be awarded any of the relief requested, or any other relief.

## JURY DEMAND

40. Mr. Li admits that Apple has demanded a jury trial on all claims and issues so triable.

41. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Mr. Li denies them.

## COUNTERCLAIM

### (Patent Infringement)

Counterclaim Plaintiff Mr. Li files this Counterclaim against Apple and alleges as follows:

## THE PARTIES

42. Mr. Li is an individual inventor having a residence at 5773 Tan Oak Drive, Fremont, California 94555.

43. Mr. Li is the named inventor of and owner of all right, title, and interest in and to the '564 Patent, issued May 25, 2021 and titled "System and method for providing information." A true and correct copy of the '564 Patent is attached hereto as Exhibit A.

44. Apple is a California corporation having its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple produces and sells electronic devices that directly infringe the '564 Patent.

## JURISDICTION AND VENUE

45. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, but not limited to, 35 U.S.C. § 271.

46. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

47. The Court has personal jurisdiction over Apple because, among other things, Apple has committed and continues to commit acts of patent infringement within the U.S. and this Judicial District, in violation of 35 U.S.C. § 271. Additionally, Apple is a California corporation and maintains a primary place of business in this District.

48. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Apple has committed and continues to commit acts of patent infringement in this District and has a regular and established place of business in this District.

49. Moreover, Apple has consented to the Court's jurisdiction and to venue in this

District, including electing to bring this action in this District, arguing that jurisdiction and venue were proper.

## THE '564 PATENT

50. Mr. Li is the named inventor and rightful owner of the '564 Patent and holds the entire right, title, and interest in the '564 Patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement of it.

51. On May 25, 2021, the United States Patent and Trademark Office duly issued the '564 Patent.  The '564 Patent is titled "System and method for providing information." The application leading to the '564 Patent was filed on February 3, 2020.  However, the '564 Patent is entitled to the priority date of a parent application (U. S. application No. 14/217,486) that was filed on March 18, 2014 and titled "System and method for providing information."

52. The '564 Patent relates to technology for presenting information at a mobile handheld electronic device (or computer) such as a smartphone or tablet.

53. The patented invention disclosed in the '564 Patent provides an easy, simple, and intuitive method to unlock a standby device, such as a smartphone or tablet in standby mode, and presents certain information to the user.  For example, when a smartphone is in standby mode with a dark screen, the invention performs gaze detection only after detecting certain act of a user "involving physical contact with the electronic device or physical movement of the electronic device."  ('564 Patent, claim 1.)  The invention also performs a recognition process, such as facial recognition.  If the user is recognized and looks at the smartphone, the invention presents certain content (e.g., news, alert, update, email, text message, sponsored content) on the smartphone.

54. The patented invention disclosed in the '564 Patent resolves technical problems related to presenting information at a standby device with a dark screen, particularly problems related to the lack of providing convenience and privacy at the same time to suit the needs or preferences of a user.

## COUNT I: INFRINGEMENT OF THE '564 PATENT

55. Mr. Li restates and realleges the foregoing allegations as if fully stated herein.

56. Upon information and belief, Apple directly infringes and continues to directly infringe at least claims 1, 4, 5, 8, 11, 12, 14, 18, and 20 of the '564 Patent, in the United States, under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing products/devices that practice the claimed inventions in claims 1, 4, 5, 8, 11, 12, 14, 18, and 20 of the '564 Patent. Such infringing products include at least the Accused Devices.   (*See* Exhibit B.)

57. For example, each of the Accused Devices implements, incorporates, or uses the "Unlock with Face ID" process that infringes each and every limitation of claim 1, which recites:

> A method for presenting information at an electronic device, comprising:
>     1) detecting an act made by a user involving physical contact with the electronic device or physical movement of the electronic device when a display of the electronic device has an idle screen or a screen in standby mode, inactive mode, or screen-saver mode;
>     2) performing gaze detection only after detecting the act;
>     3) ascertaining whether the user looks at a direction toward the electronic device;
>     4) determining whether the user is recognized via a recognition mechanism; and
>     5) presenting a plurality of content items when the user is recognized via the recognition mechanism and it is ascertained that the user looks at a direction toward the electronic device.

58. According to Apple's own documents available online, the "Unlock with Face

8

ID" process infringes the first limitation of claim 1, namely "detecting an act made by a user involving physical contact with the electronic device or physical movement of the electronic device when a display of the electronic device has an idle screen or a screen in standby mode, inactive mode, or screen-saver mode", because it requires a user to "[r]aise to wake or tap to wake [the] iPhone or iPad."   (*See, e.g.,* Exhibit C, p. 2; Exhibit D, p. 1.)

59. Apple's own documents also show that the "Unlock with Face ID" process infringes the second and third limitations of claim 1, namely "performing gaze detection only after detecting the act; ascertaining whether the user looks at a direction toward the electronic device ", because the process requires the user to glance at the screen of the Accused Device after raise or tap to wake the device.   Particularly, the process instructs the user as follows:

1. Raise to wake or tap to wake your iPhone or iPad.
2. Swipe up from the bottom of the Lock screen.
3. If you're using an iPhone, hold it in portrait orientation, **then glance at it**. On iPad, you can hold it in either portrait or landscape orientation. If it's in landscape orientation, make sure that your finger isn't covering the TrueDepth camera. **Then glance at the screen**. …

(Exhibit C, p. 2.)

60. During the process, the user is recognized via Face ID – a facial recognition method.   (*See* Exhibit E.)   Thus, the "Unlock with Face ID" process also infringes the fourth limitation of claim 1, namely "determining whether the user is recognized via a recognition mechanism."   In addition, the "Unlock with Face ID" process infringes claims 4, 12, and 20, each of which recites "the recognition mechanism includes a facial recognition method."

61. And lastly, Apple's own document shows that the "Unlock with Face ID" process and/or other processes of the Accused Devices infringe the fifth limitation of claim 1,

namely "presenting a plurality of content items when the user is recognized via the recognition mechanism and it is ascertained that the user looks at a direction toward the electronic device." For example, Apple's animated webpage titled "Use Raise to Wake on your iPhone" (available at https://support.apple.com/en-us/HT208081) shows that after an iPhone is wakened and unlocked, the content of text messages and emails is presented on the screen.  The animated images of the screen on the webpage are reproduced below:



62. Thus, the Accused Devices perform the method in claim 1 or at least perform substantially the same function in substantially the same way to achieve substantially the same result as the corresponding claim elements of claim 1 of the '564 Patent.

63. At least for the same reasons above, the Accused Devices also infringe each and every limitation of claims 8 and 14.

64. On information and belief, these Accused Devices are marketed, provided to, and/or used by or for Apple's customers and/or end users across the country and in this

district.

65. Apple was made aware of the '564 Patent on June 9, 2021 when Mr. Li sent Mr. Asa Wynn-Grant, Legal Counsel, IP Transactions at Apple an email and a claim chart showing Apple's infringement of claims 1, 8, and 14 of the '564 Patent.  Hence, Apple was given notice of its infringement of the '564 Patent at least as early as June 9, 2021.

66. Upon information and belief, Apple has engaged in such actions with specific intent to cause infringement or with conscious blindness to the resulting infringement because Apple has had actual knowledge of the '564 Patent and that its acts were inducing the infringement of the '564 Patent since at least June 9, 2021 when Apple received the email notice that such activities infringed the '564 Patent.

67. Upon information and belief, Apple is liable as a contributory infringer of the '564 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Devices.

68. Apple was made aware of the '564 Patent and its infringement thereof at least as early as June 9, 2021.  Despite Mr. Li's notice to Apple regarding the '564 Patent, Apple continues to infringe the '564 Patent.

69. Apple has never been, and is not now, licensed under the '564 Patent, and has never been authorized by Mr. Li, the owner of the '564 Patent to engage in the acts alleged herein.

70. The '564 Patent is valid and enforceable.

71. Mr. Li has sustained, is sustaining, and will continue to sustain damages owing to Apple's infringement of the '564 Patent.

72. Apple's infringement of the '564 patent has been, and continues to be, deliberate, willful, and knowing.

## DEMAND FOR JURY TRIAL

Mr. Li demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

73. WHEREFORE, Mr. Li respectfully requests this Court to enter judgment in his favor against Apple and to grant the following relief:

A. A judgment in favor of Mr. Li that Apple has infringed and continues to infringe the '564 Patent;

B. An award of damages to be paid by Apple adequate to compensate Mr. Li for Apple's past infringement of the '564 Patent , and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award to Mr. Li for reasonable compensation; and

D. An award to Mr. Li of such further relief at law or in equity as the Court deems just and proper.

Dated: June 15, 2022                           Respectfully submitted,


                                               */s/ Chian Chiu Li*
                                               Chian Chiu Li

                                               Pro Se Defendant

                                               5773 Tan Oak Drive
                                               Fremont, CA 94555
                                               Telephone: +1 (408) 417-0455